## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                                              ) | **CRIMINAL NO. 12-0057-WS** |
| ) | |
| **VITO LA FORGIA,**                                 ) | |
| ) | |
|     **Defendant.**                 ) | |

**ORDER**

    This matter comes before the Court on defendant Vito La Forgia's Emergency Motion Appealing Order of the Magistrate Judge (doc. 102).

    On April 25, 2012, Magistrate Judge Sonja Bivins entered an Order (doc. 86) fixing the Rule 15 depositions of a pair of material witnesses, Mario Salierno and Mauro Serra, for May 7 and 8, 2012. Both deponents are Italian nationals and native Italian speakers. Accordingly, the Government has arranged for an Italian-English interpreter to be present during the depositions to facilitate the questioning of witnesses via translation of both questions and responses.

    Defendant La Forgia, who is also a native Italian speaker, sought appointment of a second Italian interpreter to attend the depositions at court expense. It does not appear that defendant has ever clearly articulated the reason why he seeks the presence of a second interpreter. Certainly, La Forgia will be able to understand every question asked and every answer given during the depositions, simply by listening to the interpreter's Italian translation of each question and the witness's Italian response to each question. Whatever the purpose of this request may be, it cannot be credibly argued that La Forgia will be unable to understand the Rule 15 depositions unless a second Italian translator is present for the duration.

    In a second Order (doc. 87) dated April 25, 2012, Judge Bivins denied La Forgia's request for a second Italian interpreter, and indicated that defendants were responsible for making any arrangements (including payment) should they desire a defense Italian interpreter for those depositions. A week later, on May 2, 2012, La Forgia filed a Motion for Reconsideration (doc. 92), the premise of which was that he is statutorily entitled to an interpreter pursuant to the Court Interpreters Act, 28 U.S.C. §§ 1827 *et seq.* On May 4, 2012, Judge Bivins entered an

Order (doc. 100) denying the Motion for Reconsideration, reasoning as follows: (i) "because an Italian interpreter will be at the depositions interpreting the questions posed to the deponents, La Forgia will be provided that to which he is entitled under the Court Interpreters Act, an interpreter that will assist him as well as the material witnesses in understanding the depositions;" and (ii) "[w]ith respect to La Forgia's request that he be provided, at no expense to him, a second Italian interpreter to facilitate discussions between him and his English speaking counsel during the deposition, he has not provided any legal authority in support of his request." (Doc. 100, at 3-4.)  Late last night, mere hours before the scheduled commencement of the Rule 15 depositions, La Forgia filed his Emergency Motion (doc. 102) appealing both of Judge Bivins' rulings on the interpreter issue.  La Forgia then refused to proceed with the depositions this morning pending a ruling on his appeal.

Plainly, La Forgia's request for a second Italian interpreter to attend the Rule 15 depositions is a nondispositive matter, inasmuch as no charge or defense is subject to termination with its resolution.  Accordingly, this Court's review of the April 25 and May 4 Orders is governed by Rule 59(a), Fed.R.Crim.P.  That rule provides that, as to a magistrate judge's ruling on a nondispositive matter, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*  This is a deferential standard of review.  For purposes of this rule, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re of Grand Jury Empaneled April 24, 2008*, 601 F. Supp.2d 600, 603 (D.N.J. 2008) (citation omitted); *see also Pigott v. Sanibel Development, LLC*, 2008 WL 2937804, *5 (S.D. Ala. July 23, 2008) ("clearly erroneous" test is satisfied only if district judge finds "that the Magistrate Judge abused his discretion or … the Court is left with a definite and firm conviction that a mistake has been made") (citations omitted).  Similarly, "[a] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Grand Jury*, 601 F. Supp.2d at 603 (citation omitted); *see also Pigott*, 2008 WL 2937804, at *5 ("[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure") (citations omitted).

Notwithstanding defendant's repeated references to the "mandates" of the Court Interpreters Act, it is black-letter law that "[t]he appointment of an interpreter, both under the

Court Interpreters Act … and as a constitutional mater, is committed to the sound discretion of the trial judge." *United States v. Belfast*, 611 F.3d 783, 821 (11th Cir. 2010) (citation omitted). Review of such decisions is "for an abuse of discretion," which has been deemed to require inquiry as to whether "the failure to provide an interpreter … made the trial fundamentally unfair." *Id.* (citation omitted); *see also United States v. Nguyen*, 526 F.3d 1129, 1124 (8th Cir. 2008) (trial court has "wide discretion" in applying Court Interpreter Act to a defendant); *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001) ("We afford district judges wide discretion in assuring that the CIA's purposes are realized in their courtrooms.").

La Forgia has made no showing that the Rule 15 depositions will be rendered fundamentally unfair unless a second Italian interpreter is present. He has neither alleged nor shown that the existing Italian interpreter will be unable or inadequate to accommodate any communication needs he might have with respect to his counsel. He has neither alleged nor shown that the absence of a second Italian interpreter during these depositions will cause a communication breakdown between La Forgia and his lawyers.[1] And he has failed to identify a single authority in which any court in any jurisdiction has held that the Court Interpreter Act requires appointment of two interpreters for court proceedings, one to translate deposition questions and responses and a second to facilitate communication between defendant and counsel. The Court's research this morning reveals substantial authority to the contrary. In fact, the Eleventh Circuit has expressly rejected an argument just like La Forgia's. *See United States*

---

[1] The crux of defendant's argument is that La Forgia "speaks only or primarily a language other than the English language" and is therefore entitled to an interpreter under the Court Interpreters Act. 28 U.S.C. § 1827(d)(1)(A). But the statute's plain terms call for appointment of an interpreter only where that language barrier "inhibit[s] such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer." § 1827(d)(1); *see also United States v. Edouard*, 485 F.3d 1324 (11th Cir. 2007) (statute requires an interpreter only where the defendant "(1) speaks only or primarily a language other than the English language; *and* (2) this fact inhibits their comprehension of the proceedings or communication with counsel or the presiding judicial officer") (citation and internal quotation marks omitted). Defendant does not show that La Forgia's language skills inhibit his communication with counsel as a general matter, but rather seems to expect the Court to accept this premise on faith. More importantly, he has offered not the slightest reason to believe that the Magistrate Judge's solution of having a single Italian interpreter present during the depositions will not be adequate to facilitate both his understanding of the proceedings and his communication with counsel.

*v. Bennett*, 848 F.2d 1134, 1141 (11th Cir. 1988) ("In essence, the appellants' interpretation of the Court Interpreters Act would require the appointment of two interpreters for each non-English speaking defendant – one to translate the proceedings, and one to translate any communication between the defendant and his attorney.  ***Nothing in the Act imposes such a requirement***.") (emphasis added); *Johnson*, 248 F.3d at 663 ("[T]he plain language of the CIA does not mandate the appointment of an additional interpreter to sit at the defense table.").

In short, it was neither contrary to law or clearly erroneous for Magistrate Judge Bivins to exercise her sound discretion to allow only one Government-paid Italian interpreter at the material witness depositions scheduled for today and tomorrow.  Accordingly, La Forgia's Emergency Motion Appealing Order of Magistrate Judge (doc. 102) is **denied**.

DONE and ORDERED this 7th day of May, 2012.

                                                          s/ WILLIAM H. STEELE
                                                         CHIEF UNITED STATES DISTRICT JUDGE