IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CRIM. NO. 12-00057-WS |
| GIUSEPPE BOTTIGLIERI SHIPPING COMPANY, SPA | ) |

FILED IN OPEN COURT
JUL 11 2012
CHARLES R. DIARD, JR.
CLERK

## PLEA AGREEMENT

The defendant, GIUSEPPE BOTTIGLIERI SHIPPING COMPANY, SPA ("Bottiglieri" or "defendant"), represented by its counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands its rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in its defense; and

    e. To not be compelled to incriminate itself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights "b" through "e," listed above, and pleads guilty to Count Four of the Indictment, charging a violation of Title 33, United States

Code, Section 1908(a) (Act to Prevent Pollution from Ships).

3. The defendant understands that the statements made under oath in the plea of guilty must be completely truthful and that it can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements made intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon the factual representations contained in the attached Factual Résumé and the defendant's response to any questions that it may be asked during the guilty plea hearing.

5. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. The defendant has discussed the facts of the case with its attorney, and its attorney has explained to the defendant the essential legal elements of the criminal charges which have been brought against the defendant. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of the charged offenses.

6. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charges beyond a reasonable doubt. The defendant and its counsel have discussed possible defenses to the charges. The defendant believes that its attorney has represented the defendant faithfully, skillfully, and diligently, and the defendant is completely satisfied with the legal advice of its attorney.

7. A separate ~~document, entitled~~ Factual Résumé, will be submitted to the Court ~~as~~ orally at plea Hearing. ~~evidence at the guilty plea hearing.~~ The Factual Résumé is incorporated by

reference into this Plea Agreement. The defendant and the United States agree that the Factual Résumé is true and correct. Alterations to the Plea Agreement or Factual Résumé initialed only by the defendant and its counsel are not part of this agreement and are not agreed to by the United States.

8. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose, except as is provided in Paragraph 13 below. The defendant is pleading guilty because it is guilty.

9. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

10. The maximum penalty the Court could impose as to Count 4 of the Indictment is:

   a. A maximum fine of either Five Hundred Thousand ($500,000.00) dollars, or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d);

   b. A term of probation of up to 5 years pursuant to 18 U.S.C. § 3561(c)(1);

      c.      A mandatory special assessment of $400.00 pursuant to 18 U.S.C. § 3013(a)(2)(B).

## SENTENCING AND APPLICATION OF FED. R. CRIM. P. 11(c)(1)(C)

11. The defendant acknowledges that the Court will impose a sentence in this case, and that the parties have reached a binding agreement as to the appropriate sentence in this case. Specifically, the defendant acknowledges that Federal Rule of Criminal Procedure 11(c)(1)(C) provides in relevant part:

> If the defendant pleads guilty . . . to . . . a charged offense . . ., the plea agreement may specify that an attorney for the government will: . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case. . . (such a recommendation or request binds the court once the court accepts the plea agreement).

12. The defendant has gone over Rule 11(c)(1)(C) with its attorney and understands that its provisions will govern the procedure for the sentence imposed by the Court in this case.

13. The parties agree that the following sentence is an appropriate disposition in this case:

    a.    The defendant agrees to pay a total criminal penalty of One Million, Three Hundred Thousand ($1,300,000.00) dollars of which the criminal fine will be One Million ($1,000,000.00) dollars. The defendant agrees that this fine amount is appropriate pursuant to 18 U.S.C. § 3571(d).

*[Handwritten:] Parties agree the defendant will pay $800,000 at the time of sentencing, $250,000 one year from today's date and 250,000 two years from today's date. [initials/signatures]*

4

b. The defendant agrees to pay a total of Three Hundred Thousand ($300,000.00) dollars in the form of an organizational community service payment pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a), as follows:

1. The defendant shall pay Three Hundred Thousand ($300,000.00) dollars to the National Fish and Wildlife Foundation ("NFWF"). The community service payment shall be applied by NFWF to fund projects for the preservation and restoration of waterways and marine wildlife in and around the Southern District of Alabama.

2. NFWF is a charitable and nonprofit organization established pursuant to 16 U.S.C. §§ 3701-3710. Its purposes include the acceptance and administration of "property . . . to further the conservation and management of fish, wildlife, plants, and other natural resources," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1), (2). NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, administration, and use of "any gift, devise or bequest . . . of real or personal property." 16

5

    U.S.C. § 3703(c)(1), (11). NFWF's Congressional charter mandates that it be governed by a Board of Directors that includes the Director of the United States Fish and Wildlife Service, the Under Secretary of Commerce for Oceans and Atmosphere, and various individuals educated or experienced in fish, wildlife, ocean, coastal, or other natural resource conservation. 16 U.S.C. § 3702(b)(1), (2). NFWF is also required by its charter to submit to Congress annually a report of its proceedings and activities during such year, including a full and complete statement of its receipts, expenditures.

 c. The parties jointly recommend that the defendant be placed on organizational probation for a period of four (4) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The parties recommend that the terms of probation be as follows:

  1. The defendant agrees that it shall commit no further violations of MARPOL 73/78, the Clean Water Act, or any other federal, state, or local law, including those laws and regulations for which primary enforcement has been delegated to the state authorities, and shall conduct all its operations in accordance with the environmental laws of the United States.

  2. The defendant agrees to fund and implement the environmental remedial measures set forth in the Environmental Compliance Plan

("ECP"), to be provided prior to sentencing, during its term of probation, consistent with sentencing policies set forth in USSG §8D1.4. The ECP and all of the requirements and obligations therein contained are incorporated into this Agreement and shall be considered special conditions of the defendant's probation.

d. This Agreement shall bind the defendant and its subsidiaries, including all subsidiaries that technically manage and/or man vessels, including but not limited to Bottiglieri, and all successors-in-interest, if applicable, and all successors and assigns. The defendant shall provide notice within 10 days to the Environmental Crimes Section of the U.S. Department of Justice, the United States Attorney's Office for the Southern District of Alabama, and the United States Coast Guard of any of the following: any corporate name changes; any purchase or sale of vessels; any purchase, sale or reorganization or divestiture; or any other change impacting upon or affecting this Agreement or the ECP. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this Agreement or the ECP. The defendant understands and agrees that it shall

          not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

    f.    The defendant shall pay a special assessment for the Count 4 Conviction in a penalty amount of Four Hundred ($400.00) dollars.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct, background, and any and all financial information requested by Probation Office.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing subject to the provisions of Paragraph 13.

## OBLIGATIONS OF THE UNITED STATES

16. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment known to the United States at the time of the entry of the guilty plea and will move to dismiss all remaining counts once sentence is imposed. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and the Environmental Crimes Section of the United States Department of Justice and does not bind any other federal, state, or local prosecuting authorities.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

17. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge its guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a.    **EXCEPTION.** The defendant reserves the right to timely file a direct appeal challenging any sentence imposed in excess of the statutory maximum.

## VIOLATION OF AGREEMENT

18. The defendant understands that, if it breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or the Speedy Trial Act.

19. In addition, the defendant understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

20. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 7-11-12       _____
                    MICHAEL D. ANDERSON
                    Assistant United States Attorney


IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION

Date: 7/11/12      _____
                    TODD S. MIKOLOP
                    Trial Attorney
                    Environmental Crimes Section

Date: 7/11/12      _____
                    GARY N. DONNER
                    Trial Attorney
                    Environmental Crimes Section

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Résumé, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could

have proved the same beyond a reasonable doubt.

Date: July, 11th, 2012

GIUSEPPE BOTTIGLIERI SHIPPING COMPANY S.P.A.
Defendant

I am the attorney for the defendant. I have fully explained the defendant's rights to the defendant with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Résumé, incorporated herein, with the defendant and to my knowledge, the defendant's decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: July 11, 2012

GEORGE M. CHALOS
Attorney for Defendant